IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DERIC LAVELLE MAY,** #209534 | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 13-0237-CB-C |
| **PAMELA BARBER,** *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice prior to service of process as malicious. 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on or about April 22, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff was granted leave to proceed *in forma pauperis* on April 26, 2013 (Doc. 3)[1] but was required to pay a partial filing fee. He has not paid the partial filing fee but has two motions pending for an extension of time to comply with the Court's Order (Docs. 4 & 5). Even though the motion to proceed *in*

---
[1] That portion of the April 26, 2013 Order granting plaintiff leave to proceed *in forma pauperis* is **WITHDRAWN** as improvidently granted.

*forma pauperis* has been granted, the review process required by 28 U.S.C. § 1915A is ongoing in order to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## II. ANALYSIS

### A. Legal Standards

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be malicious. See 28 U.S.C. § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court **shall** dismiss the case at any time if the court determines that-- … the action … is frivolous or malicious; … .") (emphasis added) and 28 U.S.C. §§ 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- … is frivolous, malicious… .") The court is also required to insure that granting a motion to proceed *in forma pauperis* will not violate the limitations contained in 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions … brought an action or appeal ... that was dismissed on the grounds that it is … malicious … .").

When screening a complaint under the constraints of 28 U.S.C. § 1915(g), a court is "involve[d] in more than sophomoric arithmetic [as c]ourts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]" *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007). So,

when prisoner plaintiff's misrepresent the extent of their prior litigation history on court-provided complaint forms requiring the disclosure of such history and further, that the form be signed under penalty of perjury, their actions are considered an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *Id.* at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden*, No. 11-14690, 2012 WL 5907451, at *1 (11th Cir. 2012) (unpublished)[2] (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied,* 2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); *Redmon v. Lake County Sheriff's Office,* 406 F. App'x 340, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Under the circumstances of this case, a dismissal without prejudice is reviewable only for abuse of discretion. *Harris*, 2012 WL 5907451, at *1 ("First, we are unpersuaded by Harris's claim that, given his *pro se* status, the district court abused its discretion in dismissing his complaint as a sanction without allowing

him 'to correct' his failure to disclose his prior litigation history."), *citing Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983) (dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). "Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Jackson*, 491 F. App'x 129 at 132, *citing Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir.1982).

**B. Application of the Law to the Facts of this Case**

As required in this Court, plaintiff signed a court-provided complaint under penalty of perjury on April 15, 2013 and that complaint reached the Court's docket on April 23, 2013. It is Mr. May's position that on or about March 25, 2012, he was denied medical treatment by two members of the medical staff at Holman Correctional Facility and one administrator in violation of rights provided under the Eight Amendment to the United States Constitution. The defendants are identified as Dr. Pamela Barber, Nurse Sylvia Hicks and Health Services Administrator, Donny Myers.[3]

A portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment. Doc. 1, pgs. 3-4. Mr. May acknowledged two prior filings dealing with the same or similar facts: *May v.*

---

[3] Mr. Myers is clearly named in a supervisory capacity because he "ALLOWED THE DOCTOR TO DENY PLAINTIFF TREATMENT." Doc. 1, pg. 7. The allegations against Mr. Myers fail to identify any policy, practice or procedure that he was responsible for that led to plaintiff's deprivation of medical treatment.

*Culliver*, 1:10-cv-00121-CG-C[4] and *May v. Patterson, et al.*, 1:11-cv-00675-CB-B.[5] According to the search conducted through PACER (Public Access to Court Electronic Records), however, Mr. May's litigation history includes two other cases. The first was filed in the United States District Court for the Northern District of Alabama in 1997, 7:1997-cv-02881-P-W and the second is an action that he filed in this Court on November 13, 2012, 1:12-cv-00703-KD-N. His action filed in the Northern District of Alabama was dismissed for failure to prosecute and 12-703-KD-N remains pending in this Court.[6]

Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and must be sanctioned. His attempt to mislead the court with regard to his litigation history is egregious and knowing. As an example, in the most recent actions filed, he denied a relevant litigation in August 2012 and then listed a portion of his history in April 2013. The appropriate sanction is clearly to dismiss, without prejudice, his very vague claims that the defendants are not meeting his serious medical needs.

### III. CONCLUSION

The complaint filed in this action constitutes an abuse of judicial process and therefore is malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

---

[4] The complaint against Grant Culliver was dismissed without prejudice on February 24, 2012 (Doc. 40) for failure to state a claim upon which relief could be granted. His appeal to the Eleventh Circuit was dismissed on September 20, 2012 as a frivolous appeal (Doc. 59) and cert was denied by the Supreme Court on May 14, 2013 (Doc. 66).

[5] This action remains pending and also contains medical care claims involving actions by the named defendants on or about March 12, 2010. 1:11-cv-00675-CB-B, Doc. 1.

[6] Here, Mr. May brings a mail-related action pursuant to the First and Fourteenth Amendments to the United States Constitution. On August 13, 2012, under penalty of perjury, he denies any prior litigation history related to the same or similar facts or relating to his imprisonment. Doc. 1, pgs. 3-4.

Once a complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that the complaint be dismissed without prejudice prior to service as an appropriate sanction under the circumstances.

## IV.  NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 19th day of June, 2013.

        s/WILLIAM E. CASSADY
        UNITED STATES MAGISTRATE JUDGE